IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-16-BO

| | |
|---|---|
| ADAM D'ALESSANDRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| STATE OF NORTH CAROLINA, ) | |
| GOVERNOR PAT MCCRORY, NORTH ) | |
| CAROLINA JUDICIAL STANDARDS ) | |
| COMMISSION, NORTH CAROLINA ) | |
| ADMINISTRATIVE OFFICE OF THE ) | |
| COURTS, ROBERT RADER, DEBRA ) | |
| SASSER, LORI CHRISTIAN, and ) | |
| MILES WILLIAMS, ) | |
| ) | |
| Defendants. | |

This pro se case is before the court on the application [DE #1] by plaintiff Adam D'Alessandro ("Plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Terrence W. Boyle, United States District Judge. For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Plaintiff's affidavit indicates that his monthly expenses exceed his monthly income. Thus, the undersigned finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Plaintiff's application to proceed *in forma pauperis* is, therefore, allowed.

## FRIVOLITY REVIEW

### I.   Background

Plaintiff's allegations arise from prior child custody proceedings between Plaintiff and his ex-wife in Wake County District Court. On January 8, 2014, Plaintiff instituted this action on behalf of himself, his two minor children and one non-biological minor that Plaintiff refers to as his "de facto" son. He asserts claims under 42 U.S.C. §§ 1983 and 1985, alleging that his First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights were violated by court and law enforcement officials involved in the state-court proceedings. Plaintiff additionally asserts claims under 18 U.S.C. § 242 and state-law claims over which the court may have supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Plaintiff has named the following individuals and entities as Defendants: the State of North Carolina; Governor Pat McCrory; the North Carolina Judicial

Standards Commission; the North Carolina Administrative Office of the Courts; three North Carolina district court judges: the Honorable Robert Rader, the Honorable Debra Sasser, and the Honorable Lori Christian; and Miles Williams, the attorney of Plaintiff's ex-wife throughout the custody proceedings. Plaintiff has sued the individual defendants both in their personal and official capacities. Plaintiff seeks damages, as well as equitable relief.

II.     Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

3

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

### III. Minor Plaintiffs

Plaintiff has named himself as a plaintiff, both on his own behalf and on behalf of three minors. Two of these minors are Plaintiff's biological children, and one is the biological child of Plaintiff's ex-wife from a previous relationship. Plaintiff refers to the non-biological minor as his "de facto son."

A layperson may represent only himself in an action brought in federal court. 28 U.S.C. § 1654. While a parent may be permitted to *assert* a claim on behalf of his minor child, "non-attorney parents generally may not *litigate* the claims of their minor children in federal court." *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) (emphasis added). Because Plaintiff is not a licensed attorney, he does not have the authority to litigate the claims of the three minor children. Accordingly, it is recommended that all claims brought on behalf of the three minors be dismissed without prejudice.

## IV. Eleventh Amendment

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, No. 95-1829, slip op. at 1 (4th Cir. Apr. 12, 1996). Moreover, "state agencies are protected from suit by citizens of a state by the doctrine of sovereign immunity." *Teague v. N.C. Dep't of Transp.*, No. 5:07-CV-45-F, 2007 WL 2898707 at *2 (E.D.N.C. Sept. 28, 2007) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

### A. State of North Carolina and its Agencies

Plaintiff seeks to sue the State of North Carolina, the North Carolina Judicial Standards Commission and the North Carolina Administrative Office of the Courts pursuant to §§ 1983 and 1985. However, Plaintiff has made no allegation that the State of North Carolina has waived its immunity with respect to the claims Plaintiff alleges, nor has he invoked a federal statute that abrogates North Carolina's sovereign immunity as to these claims. Finally, the equitable relief sought with respect to his §§ 1983 and 1985 claims is not prospective in nature. *See Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002) (recognizing exception to Eleventh Amendment bar for claims seeking prospective injunctive relief due to ongoing

5

federal violations). Under the Eleventh Amendment, therefore, the court has no jurisdiction to entertain Plaintiff's §§ 1983 and 1985 claims against the State of North Carolina and its agencies. Thus, Plaintiff's claims against the State of North Carolina, the North Carolina Judicial Standards Commission, and the North Carolina Administrative Office of the Courts should be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.

B.  State Officers

"Like the state itself, state officers acting in their official capacity are also entitled to Eleventh Amendment protection, because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and '[a]s such, it is no different from a suit against the State itself.'" *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, the following state officers sued in their official capacities should be dismissed from the action: Governor Pat McCrory, Judge Robert Rader, Judge Debra Sasser, and Judge Lori Christian.

V.  Individual Capacity Claims

Plaintiff has also failed to state individual capacity claims against Governor McCrory, Judge Robert Rader, Judge Debra Sasser, Judge Lori Christian and Miles Williams.

A.  Governor McCrory

The doctrine of respondeat superior does not serve as the basis for liability under §§ 1983 and 1985. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658,

6

691 (1978). Liability arises only where a defendant acted personally to deprive the plaintiff of his constitutional rights. *Iqbal*, 556 U.S. at 677 ("[E]ach government official . . . is only liable for his or her own misconduct."). Thus, supervisory officials are not subject to liability because of their authority to control subordinates, but may be held liable only for their own wrongs taken in violation of an individual's constitutional rights. *Id.*

As to Governor McCrory, Plaintiff makes no allegations that any personal conduct of Governor McCrory resulted in the violation of his constitutional rights or in the formation of a conspiracy to deprive Plaintiff of such rights. Plaintiff's allegation against Governor McCrory as stated in the complaint is: "[Plaintiff's] appeal was met with no action and no promise of review of his grievances." (Compl. ¶ 70.) By refusing to take action, Plaintiff maintains, Governor McCrory acted "in concert" with the other defendants. (*Id.*) These are mere conclusory allegations and do not state a cognizable claim against Governor McCrory in his individual capacity. Accordingly, Plaintiff's claim against Governor McCrory should be dismissed for failure to state a claim upon which relief can be granted.

B. Judicial Officials

Plaintiff's claims as to Judges Rader, Sasser, and Christian should be dismissed on the basis of absolute judicial immunity. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts,

7

even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.*

It is evident from the complaint that the actions which the judges took were within their judicial capacity. All events and judicial decisions took place in the courtroom within the context of Plaintiff's custody dispute with his ex-wife. The disposition of civil domestic disputes being within the jurisdiction of state district court judges, the actions of the judges were not taken in clear absence of all jurisdiction. Thus, Plaintiff's claims against Judges Rader, Sasser, and Christian are barred by judicial immunity.

Plaintiff's 18 U.S.C. § 242 claims against Judges Rader, Sasser and Christian are also subject to dismissal on the grounds they are frivolous and fail to state a claim. Section 242 is a criminal statute. While it provides criminal penalties, it does not give rise to civil liability or authorize a private right of action. *See Tribble v. Reedy*, No. 89-6781, 1989 WL 126783 (4th Cir. Oct. 20, 1989). There being no basis in law or fact to support such a claim, Plaintiff's § 242 claims against the judges should be dismissed as frivolous or for failure to state a claim upon which relief can be granted.

### C. Attorney Miles Williams

Plaintiff's § 1983 claim against attorney Miles Williams also fails. Williams was the attorney of Plaintiff's ex-wife throughout the custody proceedings. In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "Private lawyers do not act 'under color of state law' merely by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Consequently, Williams's representation of a client in state court and membership in the North Carolina State Bar do not meet the "under color of law" requirement for a § 1983 claim.

Plaintiff also alleges a claim against Williams pursuant to 42 U.S.C. § 1985. Section 1985 provides a cause of action "to those injured by conspiracies formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 827 (1983) (quoting 42 U.S.C. § 1985). To plead a violation of § 1985, a plaintiff must state "specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus'" to deprive the plaintiff of "'the equal enjoyment of rights secured by the law to all.'" *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376

9

(4th Cir. 1995)). A bare assertion of conspiracy is not sufficient. *Twombly*, 550 U.S. at 556.

Plaintiff alleges that Williams "used his position and did work in concert with local officials including but not limited to Defendant Judge Sasser, The Wake County District Court Chief [Judge], The Wake County Child Support Enforcement [Agency] and its Attorneys, and the Harnett County Sheriff's [O]ffice." (Compl. ¶ 14.) Plaintiff also maintains that Williams played a part in his arrest in the parking lot of the Harnett County Sheriff's Department for an alleged violation of a domestic violence protective order and, thus, acted in concert with the Sheriff's Office "on a baseless order for arrest." (Compl. ¶ 45.) Aside from these conclusory allegations, Plaintiff has articulated no facts to support the alleged conspiracy and he, therefore, fails to state a claim for relief under § 1985. *See Gooden v. Howard County Md.*, 954 F.2d 960, 969-70 (4th Cir. 1970) (en banc) (requiring specific facts to support alleged § 1985 conspiracy).

## VI. *Rooker-Feldman* Bar

To the extent Plaintiff is challenging the state court's custody orders, this court lacks jurisdiction as Plaintiff's right to appeal would lie in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies

10

Case 5:14-cv-00016-BO   Document 6   Filed 03/27/14   Page 10 of 12

(4th Cir. 1995)). A bare assertion of conspiracy is not sufficient. *Twombly*, 550 U.S. at 556.

Plaintiff alleges that Williams "used his position and did work in concert with local officials including but not limited to Defendant Judge Sasser, The Wake County District Court Chief [Judge], The Wake County Child Support Enforcement [Agency] and its Attorneys, and the Harnett County Sheriff's [O]ffice." (Compl. ¶ 14.) Plaintiff also maintains that Williams played a part in his arrest in the parking lot of the Harnett County Sheriff's Department for an alleged violation of a domestic violence protective order and, thus, acted in concert with the Sheriff's Office "on a baseless order for arrest." (Compl. ¶ 45.) Aside from these conclusory allegations, Plaintiff has articulated no facts to support the alleged conspiracy and he, therefore, fails to state a claim for relief under § 1985. *See Gooden v. Howard County Md.*, 954 F.2d 960, 969-70 (4th Cir. 1970) (en banc) (requiring specific facts to support alleged § 1985 conspiracy).

## VI. *Rooker-Feldman* Bar

To the extent Plaintiff is challenging the state court's custody orders, this court lacks jurisdiction as Plaintiff's right to appeal would lie in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies

exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff has requested "[a]n order for immediate reversal of all void orders out of the County Court" and "[a]n immediate ruling of joint physical and full custody of the minor children." (Compl. at 27.) This court is without jurisdiction to review the state court's rulings and any challenge to the state court's orders should, therefore, be dismissed.

### VII. Remaining State Claims

Plaintiff's remaining claims are: (1) "tortious interference with custodial rights," (2) fraud, and (3) "common law conspiracy." These remaining allegations arise under state law. As Plaintiff's federal claims fail, there is no federal claim to which the state claims attach. In these circumstances, a district court may decline to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) (authorizing district courts to decline to exercise jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction"). In determining whether to exercise jurisdiction over these claims, a federal district court should give due consideration to principles of comity, convenience, fairness and judicial economy. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Given the nature of Plaintiff's claims and considering the state court's strong interest in its orders, the undersigned recommends that the court decline jurisdiction over Plaintiff's state-law claims.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED and it is RECOMMENDED that the court DISMISS Plaintiff's federal claims and DECLINE to exercise supplemental jurisdiction over Plaintiff's state-law claims.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 25th day of March 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge