IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-16-BO

ADAM D'ALESSANDRO, *et al.*,
                Plaintiffs,

v.                                  O R D E R

STATE OF NORTH CAROLINA, *et al.*,
                Defendants.

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank regarding frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiffs have filed objections to the memorandum and recommendation (M&R). For the reasons discussed below, the Court adopts the M&R and dismisses this matter in its entirety.

BACKGROUND

The allegations in plaintiffs' complaint arise from child custody proceedings in Wake County District Court. Plaintiff D'Alessandro filed this action on behalf of himself and three minors – two of plaintiff's biological children and one child of D'Alessandro's ex-wife. Plaintiffs bring claims for violation of their Fourth and Fourteenth Amendment rights, tortious interference with custodial rights, fraud, breach of duty in the administration of equal treatment under the law, and common law conspiracy. Plaintiffs have brought these claims against the State, its governor, the State Judicial Standards Commission, the State Administrative Office of the Courts, judges of the North Carolina State Courts, and D'Alessandro's former attorney.

DISCUSSION

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may consider subject matter jurisdiction on frivolity review. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). To make a frivolity determination, a court may designate a magistrate judge "to submit . . . proposed findings of fact and recommendations" for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). De novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

Many of the objections raised by plaintiffs to the M&R are to legal issues. The Court has reviewed the legal recommendations of Magistrate Judge Swank, including plaintiff D'Alessandro's representation of the minor plaintiffs, application of the Eleventh Amendment and the doctrine of sovereign immunity, application of the doctrine judicial immunity, application of the *Rooker-Feldman* doctrine, and the appropriateness of a § 1983 claim against a private citizen, and finds no plain error. Where D'Alessandro has objected to factual issues regarding Magistrate Judge Swank's recommendation that certain claims be dismissed under

2

Rule 12(b)(6) of the Federal Rules of Civil Procedure, he has still failed to provide the Court with any facts that would support a facially plausible claims and thus has provided no basis upon which to disturb the recommendation of the magistrate judge. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## CONCLUSION

Accordingly, having reviewed the M&R and the objections thereto under the appropriate standards, the Court ADOPTS the Magistrate Judge Swank's memorandum and recommendation [DE 6] in its entirety. For the reasons discussed therein, plaintiffs' federal claims are DISMISSED and the Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this __4__ day of June, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE